Lawrence P. McGARRY and Charles A. Pisaturo

v.

Harry F. CURVIN et al.

Civ. A. No. 75–0301.

United States District Court,
D. Rhode Island.

Jan. 7, 1976.

Anthony J. Bucci, Providence, R. I., for plaintiffs.

Julius C. Michaelson, Atty. Gen., State of Rhode Island, Allen P. Rubine, Sp. Asst. Atty. Gen., Stephen F. Achille, Legal Advisor, R. I. Bd. of Elections, Providence, R. I., for defendants.

## OPINION

DAY, District Judge.

This is a civil rights action in which plaintiffs challenge the provisions of R.I. General Laws §§ 17–7–1 through 17–7–10 and 17–23–7 as unconstitutional and the enforcement of § 17–23–7 by the Board of Elections as contrary to the law of Rhode Island. The jurisdiction of this Court is allegedly based upon 28 U.S.C. § 1343 and 42 U.S.C. § 1983. This action is presently before me on the defendants' motion to dismiss.

In their complaint the plaintiffs allege that they are members and sponsors of associations known as the Providence Independent Democrats and the Peoples Democratic Club, respectively, the activities of which are centered in the City of Providence. They further allege that on August 13, 1975 they received letters from the Administrative Assistant to the Board of Elections of the State of Rhode Island that the respondents, members of said Board, would hold a hearing on September 3, 1975 at 1:30 P.M. on the written complaint of Francis J. Darigan, Jr., City Chairman of the Democratic City Committee of the City of Providence, that the inclusion of the words, "Democrats" and "Democratic" in the names of said organizations sponsored by them was in violation of the provisions of section 17–23–7 of the General Laws of Rhode Island. Each of the plaintiffs was requested to be present at said hearing but refused to do so. Said hearing was postponed.

Plaintiffs further allege that thereafter a second letter, dated September 16, 1975, signed by the Secretary of said Board of Elections was received by the plaintiff Lawrence P. McGarry. Said letter purported to summon him to a hearing before said Board of Elections with respect to said complaint by the said Francis J. Darigan, Jr. which was to be held on September 23, 1975 at 1:30 P.M. He declined to comply with said purported summons and the instant action was thereafter filed by him and the said Charles A. Pisaturo in this Court on September 22, 1975.

In their complaint the plaintiffs also allege that the attempted enforcement by the respondents of the provisions of said section 17–23–7 is contrary to the law of Rhode Island, challenge the constitutionality of its provisions and seek declaratory and injunctive relief against its enforcement by the defendants.

Said section 17–23–7 provides, in pertinent part, as follows:

"Protection of names of major parties.—It shall be unlawful for any club or society or association, whether incorporated or not, to include in its name the word "Republican" or "Democrat" or any designation indicating its affiliation with a political party unless . . . (b) if it be city or town wide in its membership or activities, it have the written consent for such inclusion of the city or town committee of the republican or democratic party, as the case may be, of the city or town in which its activities are or are to be centered . . . . .

Every member and every officer of any club, society or association whether incorporated or not, violating any of the provisions of this section shall be fined not exceeding one hundred dollars ($100). Upon written request of one (1) member of the committee from which consent for such inclusion should have been obtained as hereinbe-

fore provided, the attorney-general shall institute appropriate proceedings to prevent continued violations of this section."

On October 10, 1975, this Court held a hearing on the plaintiffs' prayer for a preliminary injunction. During said hearing counsel for the respondents conceded that said letter by the Secretary of said Board of Elections to the plaintiff, Lawrence P. McGarry, was not a valid subpoena and that, in fact, neither of the plaintiffs has ever been legally subpoenaed to testify at any hearing before said Board of Elections.

This matter is now before me upon the motion of the respondents to dismiss this action. The allegations of the plaintiffs' complaint purport to raise several serious constitutional issues. However, it is my considered opinion that this Court has no jurisdiction to consider these issues in the context of the instant action. Since the jurisdiction of this Court over the instant controversy is alleged to exist under the provisions of 28 U.S.C. § 1343 and 42 U.S.C. § 1983, the usual requirement of exhaustion of remedies does not apply hereto. Civil rights cases, such as this, must, however, present an actual controversy and be "ripe" for judicial determination in the sense that there must have been some determinative administrative determination from which relief is sought. *Raper v. Lucy*, 488 F.2d 748 (1st Cir. 1973); *Palmigiano v. Mullen*, 491 F.2d 978 (1st Cir. 1974).

Plaintiffs have not been charged with any violation of said section by said Board of Elections nor has any proceeding been instituted against them by the Attorney General in whom the sole power to institute such proceedings is vested by said section 17–23–7.

In terms of "ripeness" the instant controversy is clearly distinguishable from *Riddell v. The National Democratic Party*, 508 F.2d 770 (5th Cir. 1975), upon which the plaintiffs rely. In *Riddell*, the action was actually brought to enforce an allegedly discriminatory party name registration law. In the instant case the Board of Elections has not taken any steps to have the Attorney General institute appropriate proceedings and no criminal proceedings have been instituted by him against the plaintiffs.

Plaintiffs also place considerable reliance upon *Zwickler v. Koota*, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). That case involved a challenge to the unconstitutionality of a statute prohibiting the distribution of anonymous handbills in a political campaign. The challenge was brought by an individual who had been prosecuted previously for such activity and had been threatened with future prosecutions under said statute. The Supreme Court remanded said case, holding that the lower court erred in abstaining from exercising jurisdiction. It is interesting to note that in a review of the proceedings after remand the Supreme Court held that no *actual controversy* existed at the time of the hearing on remand since the candidate for whom Zwickler desired to distribute the handbills in contravention of said state law had in the interim abandoned his re-election campaign thus mooting the First Amendment issue. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

In my opinion the plaintiffs also fail to establish the existence of a case in controversy with respect to their attack on R.I. General Laws § 17–7–1 through § 17–7–10. The plaintiffs in their complaint do not allege that they have been directly injured or threatened with some specific harm by the functioning of said Board of Elections as it is presently constituted.

In my opinion the holding of the Supreme Court in *Laird v. Tatum*, 408 U.S. 1, 13, 14, 92 S.Ct. 2318, 2325–2326, 33 L.Ed.2d 154 (1972), applies to this case:

". . . Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.' *United Public Workers v.*

*Mitchell*, 330 U.S. 75, 89 [67 S.Ct. 556, 564, 91 L.Ed. 754] (1947)."

See also *Socialist Labor Party v. Gilligan*, 406 U.S. 583, 589, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 149, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring).

In my opinion the plaintiffs' complaint fails to state any claim or claims which would entitle them to relief. Accordingly, the motion of the respondents to dismiss this action must be and is granted. Counsel for the respondents will prepare and present for entry an order in conformity with this opinion.